NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE SIMMSPARRIS, | : |
| | : Civil Case No. 10-4395 (FSH) (PS) |
| Plaintiff, | : |
| | : **ORDER** |
| v. | : |
| | : June 29, 2011 |
| AMY MALDONADO, | : |
| | : |
| Defendant. | : |
| | : |

**HOCHBERG, District Judge:**

This matter comes before the Court on a report and recommendation issued on April 25, 2011 by the Honorable Patty Shwartz; and Judge Shwartz having recommended that "the United States District Judge . . . (1) dismiss the Complaint with prejudice; (2) terminate the motion to dismiss the counterclaims and enter default against the plaintiff on the counterclaims; and (3) grant the defendant leave to file a motion for default judgment on her counterclaims, all pursuant to Fed. R. Civ. P. 16 and/or 37;" and

it appearing that on April 19, 2011, plaintiff was ordered to appear before Magistrate Judge Shwartz on April 25, 2011 regarding discovery violations by plaintiff and that plaintiff failed to appear before Judge Shwartz at that time;[1] and

---

[1] Plaintiff has advanced two contradictory explanations for her failure to appear. Plaintiff, who is an electronic filer, and who receives electronic notice of all filings, contended in a May 3, 2011 letter "I learned of the April 25, 2011 telephone conference after it was held, otherwise I certainly would have made an appearance." In her May 10, 2011 objections to the report and recommendation, plaintiff contends that she did not receive notice of the hearing until after it was held, but in any event would not have been able to attend the hearing "due to

it appearing that Magistrate Judge Shwartz set forth on the record on April 25, 2011 the

events supporting the report and recommendation as an appropriate sanction for plaintiff's

repeated, knowing violations of discovery orders; and

it appearing that plaintiff has failed to comply with a whole series of discovery orders,

including orders entered on February 23, 2011 (Docket # 22), March 28, 2011 (Docket # 29),

April 13, 2011 (Docket #35), and April 19, 2011 (Docket #37);[2] and

it appearing that the Third Circuit has identified six factors a court should consider when

considering whether to dismiss an action for discovery misconduct: "(1) the extent of the *party's*

personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet

scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct

---

Plaintiff's appearance in another matter in Trenton on April 25, 2011." Plaintiff has offered no
support for her contention that she did not receive notice of the hearing and has made no effort to
reconcile her initial contention that she "certainly would have made an appearance" before Judge
Shwartz if she had received notice of the hearing, with her later contention that she could not
have appeared before Judge Shwartz "due to Plaintiff's appearance in another matter in Trenton."
In any event, the April 19, 2011 order directing plaintiff to appear before Judge Shwartz provided
that the date for the hearing could be changed "if the requesting party demonstrates that it has a
court appearance on the same date and time." Plaintiff's excuses for her contumacious refusal to
respect court orders are not credible.

[2] On March 4, 2010, plaintiff was suspended from the practice of law by the New Jersey
Supreme Court. On January 5, 2011, she was suspended from the practice of law before this
Court. The Court notes that the pattern of misconduct in which plaintiff has engaged in this case
is similar to the conduct which led to her suspensions. The Court further notes that plaintiff has
engaged in a pattern of misconduct similar to her failure to appear and knowing disregard of
court orders in this case in response to the ongoing state disciplinary proceedings against her.
For instance, plaintiff failed to respond to the initial state disciplinary complaint against her and
thus, defaulted on the complaint. *SimmsParris v. Neary*, 2011 U.S. Dist. LEXIS 65493, *2-3
(D.N.J. June 20, 2011). The default was subsequently vacated, and while disciplinary
proceedings against plaintiff were ongoing, plaintiff filed suit in this Court against several of the
employees of the New Jersey Office of Attorney Ethics involved in the disciplinary proceedings.
*Id*. at *1-4. That action was dismissed on abstention grounds in light of the ongoing disciplinary
proceedings. *Id*. at *5-12.

of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other

than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of

the claim or defense," *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984)

(emphasis in original); and

this Court finding that the *Poulis* factors weigh in favor of adopting the report and

recommendation because: (1) plaintiff, an attorney, was personally responsible for repeated and

deliberate refusals to comply with her discovery obligations, even after court orders to comply,

because she is a trained attorney, well versed in the rules of procedure, and was on notice of both

her discovery obligations and the consequences of failing to comply with those obligations;[3] (2)

defendant has been prejudiced by plaintiff's repeated and contumacious refusal to produce for

inspection and copying essential documents necessary to end this litigation and relieve defendant

of the nightmare of having been in partnership with plaintiff, and thus vicariously liable for some

of plaintiff's defaulted loans, which, along with plaintiff's suspensions and other disciplinary

infractions, were allegedly concealed from defendant; (3) plaintiff has engaged in a consistent

course of dilatory behavior by repeatedly failing to comply with court orders requiring her to

produce documents for inspection and copying; (4) the record reflects that plaintiff has

knowingly and intentionally failed to comply with her discovery obligations;[4] (5) plaintiff has

---

[3] Plaintiff and defendant are both attorneys and were formerly partners in the law firm of SimmsParris Maldonado Tehuano, LLP.

[4] The orders entered on February 23, 2011 (Docket # 22), March 28, 2011 (Docket # 29), April 13, 2011 (Docket #35), and April 19, 2011 (Docket #37) unambiguously required plaintiff to produce documents.  As noted earlier, plaintiff has engaged in similarly contumacious behavior in connection with the disciplinary proceedings against her, both by failing to respond to the initial complaint against her and later, after the initial default was vacated, and while the proceedings were ongoing, suing several employees of the New Jersey Office of Attorney Ethics

repeatedly refused to comply with court orders compelling the production of documents;[5] and (6)

plaintiff's complaint fails to properly allege a basis for federal subject matter jurisdiction[6] and

consists largely of conclusory, rambling, and vitriolic statements of law with no factual support,

which does not even remotely set forth a short and plain statement of facts entitling plaintiff to

relief, whereas the counterclaims against plaintiff properly allege a basis for subject matter

jurisdiction and contain clear and detailed factual allegations of defendant's mistreatment by Ms.

SimmsParris;[7] and

the Court having reviewed plaintiff's objections to the report and recommendation and

the Court finding that plaintiff's objections are without merit; and

the Court having reviewed *de novo* the report and recommendation and the April 25,

2011 record; and good cause appearing;

It is on this 29th day of June, 2011,

---

in their official and individual capacities.  *See Neary*, 2011 U.S. Dist. LEXIS 65493 at *1-4.

[5] Because plaintiff has repeatedly refused to comply with court orders, further orders directing plaintiff to produce evidence are not an appropriate alternative.  The exclusion of evidence is also not an appropriate response because it would not ameliorate the harm caused to defendant's ability to develop her case by plaintiff's failure to produce essential documents.

[6] Although plaintiff's amended complaint contends that "[t]his Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332" it does not contain an allegation regarding the amount in controversy, as required by § 1332.

[7] The counterclaims concern alleged misconduct by plaintiff in connection with several cases handled by plaintiff and with the ongoing state disciplinary proceedings against plaintiff. Having been suspended from the bar of the state of New Jersey, and the law firm of SimmsParris Maldonado Tehuano, L.L.P. having been dissolved as a legal entity, Ms. SimmsParris is admonished not to put her name, followed by the former firm's name, above the caption box of the pleadings in this case, which improperly suggests that Ms. SimmsParris is an attorney representing a client in this Court.  She shall identify herself solely as an individual *pro se* litigant.

**ORDERED** that the April 25, 2011 report and recommendation of Magistrate Judge

Shwartz is adopted as the opinion of this Court; and it is further

**ORDERED** that the complaint is dismissed with prejudice; and it is further

**ORDERED** that the motion to dismiss defendant's counterclaims is terminated and that

the Clerk of the Court is directed to enter default against plaintiff on defendant's counterclaims;

and it is further

**ORDERED** that defendant is granted leave to file a motion for default judgment on her

counterclaims.


/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.